## ANDES *v.* SLAUSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF NEW YORK.

No. 225. Argued March 29, 1889. — Decided April 15, 1889.

This court has no authority to review on bill of exceptions rulings of a
judge of the Circuit Court at the trial of an action at law, had before him
at chambers, by consent of the parties, under an order providing that it
should be so tried, and that if at such trial there should appear to the
judge to be in issue questions of fact of such a character that he would
submit them to a jury if one were present, they should be submitted to
a jury at the next term.

Albert Slauson brought two actions against the town of
Andes in the Circuit Court of the United States for the North-
ern District of New York, alleging in the complaint in each
action that he was a citizen of the State of New Jersey and the
defendant was a municipal corporation of the State of New
York; that the defendant subscribed to the stock of the Delhi
and Middletown Railroad Company, and issued its bonds, with
coupons for interest annexed, in payment thereof, in accord-
ance with the law of New York of 1869, chapter 907; and
that certain of those coupons passed into the possession and
became the property of the plaintiff in good faith and for a
valuable consideration, and payment thereof was duly de-
manded at maturity and refused. The amount for which
judgment was asked in the first action was $2709 and interest,
and in the second action $2044 and interest.

In the answer to each complaint, the defendant admitted
that it was a municipal corporation of the State of New York,
but denied all the other allegations of the complaint, and
alleged that the coupons sued on were in fact the property of
citizens of New York, in whose behalf and for whose benefit
the action was prosecuted; that at the time of its commence-
ment an action was pending in the Supreme Court of the
State of New York, brought by residents and taxpayers of the

defendant town against the holders of the bonds and coupons, to restrain their transfer and collection, on the ground that they were illegal and void; and that, if the plaintiff held any of the coupons, he took them without consideration, and for the purpose of avoiding and nullifying the effect of any judgment that might be recovered in that court, and of enabling him to bring an action in the Circuit Court of the United States.

The subsequent proceedings, as shown by the record transmitted to this court, were as follows:

1st. An order, filed June 18, 1884, for trial before the District Judge at chambers, in these words:

"At a stated term of the Circuit Court of the United States of America for the Northern District of New York, in the Second Circuit, held at Canandaigua, on the 18th day of June, A.D. 1884.

"Present: The Honorable A. C. Coxe, Judge.

"Albert Slauson against The Town of Andes. No. 2512.

"Albert Slauson against The Town of Andes. No. 2513.

"These actions having been each moved for trial on the part of the plaintiffs therein at this term of court, and application for a postponement having been made on behalf of the defendant, it is now, at the suggestion of the court and by consent of parties, ordered that the said actions pass said term, and be tried before Hon. A. C. Coxe, at his chambers at Utica, without a jury, with the same force and effect as if tried at a circuit term of this court, such trial to be had within two weeks after the first day of September next, at a time to be fixed by the judge, unless the parties shall agree; and if it shall appear to said judge upon such trial that there are questions of fact arising upon the issues therein, the same are to be submitted to a jury at the November term, provided the said questions of fact are of such a character that the judge would submit them to a jury if one were present; and that no further notice of trial is required.

"ALFRED C. COXE."

2d and 3d. Two orders, each entitled " At a stated term of the Circuit Court for the Northern District of New York, held at Utica on October 1, 1884, Present Hon. A. C. Coxe, Judge," and signed by him, and reciting the trial of the two actions together by consent of parties before him at his chambers in Utica — the one, an order filed November 15, 1884, for the consolidation of the two actions; and the other, an order filed December 4, 1884, by which the judge made a general finding for the plaintiff upon the facts, and found that in the consolidated action there was due to the plaintiff from the defendant the sum of $5316.46, (being the aggregate of the sums due in both actions at the day of trial, October 1, 1884,) with interest, and directing judgment for the plaintiff accordingly, with costs.

4th. The judgment of the court, enrolled and signed by the clerk December 13, 1884, by which, after reciting the bringing of the two actions, the order and stipulation of June 18, 1884, the trial of the actions accordingly before the judge on October 1, 1884, the order of consolidation, and the judge's finding as aforesaid, it was adjudged that the plaintiff recover of the defendant the said sum of $5316.46, with interest from the day of trial, amounting to $64.68, and costs taxed at $260.70, amounting in the aggregate to $5641.84.

5th. A bill of exceptions, signed and sealed by the judge October 13, 1885, and filed October 21, 1885, referring to the order of June 18, 1884, and stating that the actions were afterwards brought on for trial together by consent of parties before the judge, without a jury, at his chambers in Utica, on October 1, 1884; setting forth in full the evidence introduced by both parties at the trial; and stating that the defendant excepted to the admission of specific portions of the plaintiff's evidence, and asked permission, under the stipulation and order of June 18, 1884, to submit to a jury the questions of good faith, and of the collusive transfer of the coupons in suit, and of the ownership thereof, and that the motion was denied, and exception taken by the defendant to the denial, as well as to the judge's final decision, order and finding.

6th. The opinion of the judge in favor of the plaintiff, indorsed: " Decision. Filed November 12, 1884."

The defendant sued out this writ of error.

*Mr. Isaac 'H. Maynard* for plaintiff in error.

*Mr. John B. Gleason* for defendant in error.

Mr. Justice Gray, after stating the case as above reported, delivered the opinion of the court.

The authority of this court to review the judgments of the Circuit Court by bill of exceptions and writ of error is regulated exclusively by the acts of Congress and the practice of the courts of the United States, without regard to the statutes of the State or the practice of its courts. *Chateaugay Co., petitioner*, 128 U. S. 544. The right of review is limited to questions of law appearing on the face of the record, and does not extend to matters of fact or of discretion; questions of law arising upon the trial of an issue of fact cannot be made part of the record by bill of exceptions, unless the trial is by jury, or by the court after due waiver in writing of a jury trial; and when the trial is by rule of court and consent of parties before a referee or arbitrator, no question of law can be reviewed on error, except whether the facts found by him support the judgment below. *Campbell* v. *Boyreau*, 21 How. 223; *Bond* v. *Dustin*, 112 U. S. 604, 606; *Paine* v. *Central Vermont Railroad*, 118 U. S. 152.

In the present case, there was no demurrer, or case stated, or special verdict, or finding of facts by the court or by a referee, presenting a pure question of law. But the pleadings presented issues of fact which, in the legal and regular course of proceeding, could be tried by a jury only, and at a stated term of the court, unless the parties either in writing waived a jury and submitted the case to the court's decision, or else agreed that the case should be tried and determined by a referee. There was no waiver of a jury trial and submission of the determination of all issues of fact to the court. But the case was tried by consent of the parties before the judge at chambers under an order providing that it should be so tried,

and that "if it shall appear to the judge upon such trial that there are questions of fact arising upon the issues therein, of such a character that the judge would submit them to the jury if one were present," they should be submitted to a jury at the next term of the court; and the only finding of the judge was a general finding for the plaintiff.

The trial thus ordered, consented to and had, was neither a trial by jury, nor a trial by the court, in accordance with the acts of Congress, but was a trial by the judge as a referee. The trial deriving its whole efficacy from the consent of the parties, the bill of exceptions allowed at that trial was irregular and unavailing, and the facts stated in that bill of exceptions cannot be regarded, nor the rulings stated therein reviewed, by this court. As the questions argued by the plaintiff in error do not appear of record independently of the bill of exceptions, this court has no authority to pass upon them, and no error is shown in the judgment afterwards rendered by the Circuit Court. *Campbell* v. *Boyreau,* above cited; *Lyons* v *Lyons Bank,* 19 Blatchford, 279.

*Judgment affirmed.*