## H. S. BOYER, FOR USE, v. D. BOLENDER ET AL.

### APPEAL BY USE PLAINTIFF FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 5, 1889—Decided June 28, 1889.

1. Where one of several directors of an insurance company has paid off a judgment recovered against them, jointly, for the fraudulent appropriation of the funds of the company to their own use, he cannot enforce contribution from the other defendants.

2. Such contribution cannot be enforced by means of an assignment of the judgment to the son of the defendant seeking it, the evidence showing that the assignment was fictitious, in that the means to pay were furnished to the son by such defendant.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 21, 32 May Term 1889, Sup. Ct.; court below, Alias Test. Fi. Fa. No. 2 January Term 1888, E. D., C. P.

On May 7, 1883, a bill in equity was filed by H. S. Boyer, receiver of the Mahoney Mutual Assessment Life Association, against Wm. H. McCarty, Lewis R. Hummel, Philip Hillbish, B. F. Wagenseller, A. C. Simpson, George J. Schoch, Daniel Bolender, I. C. Burns and S. H. Yoder, averring that the defendants were directors and some of them officers of said association, and had fraudulently converted to their own use a large sum of money belonging to the association. The cause was so proceeded in that on October 7, 1884, a final decree was entered ordering that the defendants pay to the plaintiff, as receiver, the sum of $18,853.73, and costs. A testatum fieri facias to Snyder county was issued upon this decree, on which there was collected by the sheriff of said county, from Hummel, Wagenseller and Hillbish, each, $3,000; from Schoch $2,500; from McCarty and Yoder, each, $2,000; and from Bolender, $1,000; in all $16,500; when the writ was returned on November 17, 1884, with a levy upon certain property as of A. C. Simpson.

On November 18, 1884, the following assignment was filed of record in the equity proceeding:

Opinion of Court below.

"In consideration of the sum of three thousand four hundred and eighteen dollars and eighty-five cents paid me by William P. Hillbish, I do hereby assign, transfer and set over of said decree in equity to the extent of the said money paid me by William P. Hillbish to him, and hereby give him the same authority that I have to collect and issue execution from time to time to collect said amount of money out of the defendants, reserving to myself all other rights that I had and still have in said bill in equity and the decree therein made.

"Witness my hand and seal this 15th day of November, A. D. 1884.                    H. S. BOYER, [Seal.]

"Witness: FRANKLIN WEIRICK."

On October 4, 1887, Wm. P. Hillbish, the assignee under the foregoing assignment, caused to be issued an alias testatum fieri facias to No. 2 January Term 1888, E. D., directed to the sheriff of Snyder county, who, at the suggestion of the plaintiff's attorney, levied upon goods of Daniel Bolender and S. H. Yoder, sufficient to satisfy the balance due on said writ. Thereupon Bolender and Yoder presented petitions upon which rules were granted upon Wm. P. Hillbish and Philip Hillbish, to show cause why the alias testatum fieri facias should not be set aside, and the judgment upon which it was issued be declared satisfied.

Answers having been made, and testimony taken and filed, the facts developed sufficiently appear in the opinion of the court below, SIMONTON, P. J.:

The Mahoney Mutual Assessment Life Association was incorporated under the act of May 1, 1876; and on May 11, 1882, at the suit of the attorney general, on behalf of the commonwealth, the corporation was dissolved, and on June 5, 1882, Henry S. Boyer was appointed receiver of its assets. Thereupon, on May 7, 1883, said receiver filed a bill in equity in the Dauphin Common Pleas, against Philip Hillbish, Daniel Bolender, S. H. Yoder and others, in which he set forth that they were, and for some years had been directors, and some of them officers, of said company; and that, as such, they had fraudulently converted to their own use large sums of money belonging to the company. [As the result of this suit, a decree was entered, October 7, 1884, jointly against said defend-

ants, for the sum of $18,853.73 and costs. A testatum fieri facias was thereafter issued upon this decree and placed in the hands of the sheriff of Snyder county, where the defendants resided, who proceeded to execute the same. Thereupon, the defendants, after conference among themselves, all except two, paid certain portions of the amount to the sheriff, until the whole was paid, except the sum of $3,400. This amount was handed to the sheriff by W. P. Hillbish, a son of Philip Hillbish, one of the defendants, and an assignment of that amount of the sum mentioned in the decree was made by Boyer, the receiver, to said W. P. Hillbish. Afterwards, one of the defendants, who had not yet paid anything, A. C. Simpson, paid to Philip Hillbish $2,500, which was credited on account of the balance of $3,400, which had been assigned.] [1] Subsequently, an alias testatum fieri facias was issued from the office of the prothonotary of Dauphin county for the balance of the $3,400, yet unpaid, and placed in the hands of the sheriff of Snyder county, with directions to collect the amount thereof from Daniel Bolender and S. H. Yoder. Thereupon they presented their petitions to this court, asking for a rule on said W. P. Hillbish to show cause why said fieri facias should not be stayed, and the judgment upon which it was founded be declared satisfied.

A mass of testimony has been taken both on behalf of the petitioners and the respondent to this rule, and it has now come before us for final decision.

[We are convinced, after a careful perusal of the evidence, that the real party in interest in the proceeding upon this fieri facias is Philip Hillbish, one of the original defendants in the equity proceeding, who is the father of W. P. Hillbish. The $3,400 paid to the sheriff, to make up the amount due upon the testatum fieri facias then in his hands, was either the money of Philip Hillbish, or borrowed upon his credit, and afterwards repaid by him. This is distinctly shown by the testimony, which further shows that W. P. Hillbish, his son, was not possessed of means to purchase the judgment, nor of credit to enable him to raise the amount. The assignment, it is true, was made to the son, but there is nothing in the rules of law which determine when parol evidence may, and when it may not be received to vary, alter, or contradict a written agreement, which prevents us from finding the fact to be what it

really was. In doing this we do not alter the terms of the writing, as counsel contend; we simply find that the consideration expressed in it came from Philip Hillbish, and that he is therefore the real party in interest.]²

[Philip Hillbish, therefore, stands in the position of one of several wrong doers, who has paid a judgment obtained jointly against himself and others because of the wrong done, and is now seeking to obtain contribution from the others. The law is well settled that this cannot be done. The leading case is Merryweather v. Nixan, 8 T. R. 186, where it was held that no contribution could be claimed between joint wrong doers. The principle has been restricted by subsequent decisions to cases where the person seeking contribution knew or must be presumed to have known that he was doing an unlawful act. This is the ground upon which Armstrong v. Clarion Co., 66 Pa. 218, was decided, and it is illustrated by Betts v. Gibbins, 2 Ad. & E. 57 ; Jacobs v. Pollard, 10 Cush. 287 ; and Wooley v. Batte, 2 C. & P. 417. The case before us does not come within this exception.]³ ⁴

[The judgment now sought to be enforced, by way of contribution, by Philip Hillbish, in the name of his son, against his fellow defendants, is a joint judgment obtained against them on the ground that they had in concert fraudulently appropriated to their own use the funds of the company of which they were officers and directors. There was no other basis for the giving of the judgment. The case is, therefore, in its facts substantially the same as Miller v. Fenton, 11 Paige 18, in which the bill was filed by the receiver of a bank against two of its officers, for a fraudulent abstraction of the funds of the institution committed by them jointly or in concert, and one of them, having paid the amount of the decree obtained against them, sought to enforce contribution against the other, when it was held by Chancellor WALWORTH that " in a case of wrong doers, such as these defendants by this bill are charged to have been, the complainant may recover from any one of them for the whole loss, and he will have no claim against the others for contribution." This is a direct authority for our ruling that, the real party in interest being Philip Hillbish, one of several joint wrong doers, he cannot enforce contribution against his fellows, and therefore the rules, as heretofore granted, are made absolute.]⁵

Thereupon the use plaintiff, Wm. P. Hillbish, took a writ of error to No. 21 and an appeal to No. 32 May Term 1889, assigning as error in each.

1–5. The portions of the opinion included in [ ] ¹ ᵗᵒ ⁵

*Mr. Wm. A. Sober*, for the appellant.

*Mr. Chas. Hower*, for the appellees.

OPINION, MR. CHIEF JUSTICE PAXSON:

There appears to have been a writ of error as well as an appeal in the above case. We need not say which was the proper remedy, as both lead to the same result. To state the case briefly, it was an attempt on the part of one wrong doer to enforce contribution from the others who participated in the wrong. This, under all the authorities, cannot be done. We need not refer to them, as they are cited in the opinion of the learned judge below, which so fully covers the ground that we may well decline any extended discussion of the case. It was contended, however, that because the judgment had been marked to the use of William P. Hillbish, the authorities referred to do not apply. It is true, he was not one of the original wrong doers, but the court below has found upon sufficient evidence that he was a mere man of straw, and that the real actor was his father, who was admittedly one of the wrong doers. Nor were the defendants below compelled to set up their own turpitude, in order to entitle them to relief. If such had been the case, the learned judge below might, perhaps, have hesitated to interfere. Nor did it need any astuteness in the court below to discover the fraud. It appeared upon the face of the proceedings. The record was saturated with it, and it came within his judicial knowledge.

The case is affirmed both upon the writ of error, and the appeal, and the latter is dismissed at the costs of the appellant.

Mr. Justice MITCHELL dissents.

On November 7, 1889, a motion for a re-argument was refused.