[L. A. No. 6401. Department Two.—January 20, 1921.]

MARY I. ADAMS, Respondent, v. WHITE BUS LINE (a Corporation), Appellant.

[1] JUDGMENT — TORT — ASSIGNMENT.—While a cause of action for a tort is not assignable, such a claim, when merged in a judgment, becomes a debt and may be assigned.

[2] ID.—PAYMENT OF JUDGMENT—INTENT OF PARTIES—ASSIGNMENT— ORDER OF PERFORMANCE NOT CONTROLLING.—Where in the payment

. of a judgment it was the intention of the parties that the payment should result in an assignment and not in a satisfaction of the judgment, the order in which the money was paid and the assignment executed is not controlling if it was one transaction.

[3] CONTRIBUTION — JOINT TORT-FEASORS.—There is no right of contribution between joint tort-feasors whose concurrent negligence has made them jointly liable in damages.

[4] JUDGMENT—JOINT TORT-FEASORS—PAYMENT BY ONE DEFENDANT—ASSIGNMENT OF JUDGMENT—ABSENCE OF RIGHT OF CONTRIBUTION. Where one of several joint wrongdoers pays a judgment obtained against them all, he acquires no right of contribution by taking an assignment of the judgment in the name of a man of straw, and this rule has not been changed by section 709 of the Code of Civil Procedure.

[5] ID.—PAYMENT OF JOINT JUDGMENT BY INDEMNITOR OF ONE DEBTOR—SUBROGATION—INDEMNITOR NOT ENTITLED.—An indemnitor in paying a judgment obtained against its indemnitee and another for the commission of an act for which the latter were jointly and severally liable is not entitled to be subrogated to the rights of the indemnitee, as against its codefendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Edward E. Kelley for Respondent.

SLOANE, J.—In this case the plaintiff, Mary I. Adams, obtained judgment against the defendant White Bus Line, a corporation, and defendant George P. Stiles, jointly, for injuries inflicted by the concurrent negligence of defendants. The defendant White Bus Line carried indemnity insurance with the Western Indemnity Company, an insurance corporation. This company paid the amount of the judgment to plaintiff, and at its request the company instead of entering satisfaction, assigned this judgment to one Powell, manager of defendant White Bus Line.

---

3. Contribution between joint tort-feasors, notes, 2 Ann. Cas. 528; Ann. Cas. 1913B, 938.

After this payment had been made to plaintiff, the defendant Stiles applied to the court in which the judgment was pending for an order directing the entry of satisfaction of said judgment on the ground that the payment by the Indemnity Company to the plaintiff satisfied the judgment as to both defendants.

This appeal is taken by defendant White Bus Line from the order of the court directing such entry of satisfaction.

In considering this appeal the Western Indemnity Company may as well be eliminated as a factor in the case. There was no privity or relation between it and the plaintiff or the defendant Stiles, and its payment to the plaintiff was no more than the act of the insured, the White Bus Line. The Insurance Company was not entitled to have the judgment kept alive, as it had no recourse against either of the defendants. The status of the parties is the same as if the White Bus Line had itself advanced the amount of the judgment and taken an assignment from plaintiff on its own initiative.

It is apparent from the evidence that the money was paid on account of the White Bus Line, and the assignment was to its manager and for its benefit. It will hardly be claimed that any further recourse could be had under this judgment against the White Bus Line.

The obvious purpose of the assignment was an attempt to keep the judgment alive against the codefendant Stiles.

If the case were such that contribution could be enforced between the defendants, the transaction might have proved effective as an assignment.

[1] While a cause of action for a tort is not assignable, such a claim when merged in a judgment becomes a debt and may be assigned. (2 Black on Judgments, sec. 942; 15 R. C. L., p. 774; *Charles* v. *Haskins,* 11 Iowa, 329, [77 Am. Dec. 148]; *Mackey* v. *Mackey,* 43 Barb. (N. Y.) 58; 2 Freeman on Judgments, sec. 425.) [2] It was clearly enough the intention of the parties here that the payment should result in an assignment and not in' a satisfaction. The order in which the money was paid and the assignment executed does not control if it was one transaction and the intent was to, have it constitute an assignment.

[3] But the generally accepted doctrine is that there is no right of contribution between joint tort-feasors. Although in some jurisdictions an exception has sometimes been made when

the act sued on occurred in the exercise of a lawful business
and was merely negligent, and not willful or malicious. (*An-
keny* v. *Moffit,* 37 Minn. 109, [33 N. W. 320]; *First Nat.
Bank* v. *Avery Planter Co.,* 69 Neb. 329, [111 Am. St. Rep.
541, 95 N. W. 622].) The great weight of authority, however,
is against the right of contribution between defendants whose
concurrent negligence has made them jointly liable in dam-
ages. The rule applicable to this case is stated in *Harbeck* v.
*Vanderbilt,* 20 N. Y. 395: "Where one of several defendants
against whom there is a joint judgment pays to the other
party the entire sum due, the judgment becomes extinguished,
whatever may be the intention of the parties to the transac-
tion. It is not in their power, by any arrangement between
them, to keep the judgment on foot for the benefit of the party
making the payment. If, therefore, in such a case, a party
take an assignment to himself, or, unless under special circum-
stances, to a third person for his own benefit, the assignment
is void and the judgment is satisfied."

[4] Where one of several joint wrongdoers pays a judg-
ment obtained against them all, he acquires no right of con-
tribution by taking an assignment of the judgment in the
name of a man of straw. (*Boyer* v. *Bolender,* 129 Pa. St.
324, [15 Am. St. Rep. 723, 18 Atl. 127].)

It has been sought in this state to avoid this rule on the
theory that the provisions of section 709 of the Code of Civil
Procedure were intended to apply to joint tort-feasors. Such
an interpretation of that section was denied in *Forsythe* v.
*Los Angeles Ry. Co.,* 149 Cal. 569, [87 Pac. 24]. Discussing
this point, it is said in the opinion by Mr. Justice McFarland:
"It is beyond doubt the well-established rule that there is no
right of contribution between joint tort-feasors. Appellant
claims that this rule has been changed by section 709 of the
Code of Civil Procedure; but we do not think so. That sec-
tion does not pretend to deal with the matter of the right of
contribution between joint tort-feasors. Its plain intent is to
simply provide that when there is a judgment against two or
more defendants who are entitled to contribution from each
other and one pays the whole or more than his proportion
thereof, 'the person so paying or contributing is entitled to
the benefit of the judgment to enforce contribution or repay-
ment . . .' It certainly cannot be said that the legislature
while enacting section 709 as a part of the law of procedure

necessarily intended to change, or did change, the fundamental principle that there is no right of contribution between joint tort-feasors." To the same effect, *Dow* v. *Sunset Tel. & Tel. Co.,* 162 Cal. 136, [121 Pac. 379].

In the case at bar the plaintiff was a passenger upon a stage of the defendant White Bus Line. The injury to plaintiff was caused by a collision between this stage and an automobile driven by the other defendant, Stiles. They were joined in the action as being jointly and severally liable for the accident. They were both found negligent and were held liable for this concurrent negligence. Under this state of facts it is clear that neither could recover in an independent action against the other, as the negligence of each contributed to the damages resulting from the collision.

[5] This lack of an independent cause of action or a right of contribution, of course, also answers appellant's suggestion that the Indemnity Company, having paid the liability incurred by the White Bus Line, was entitled to be subrogated to its rights as against the other defendant. That question has already been litigated, with the result that, both being negligent, neither has a claim against the other. The plaintiff was entitled to one judgment and one satisfaction, and this she has had, with the result that the judgment was paid and defendant Stiles was entitled to an entry of satisfaction.

The judgment is affirmed.

Wilbur, J., and Lennon, J., concurred.