**HART et al. v. HARRELL et al.** (No. 541.)

Court of Civil Appeals of Texas. Eastland.
May 10, 1929.

Rehearing Denied May 31, 1929.

Chastain & Judkins, of Eastland, for appellants.

Turner, Seaberry & Springer, of Eastland, for appellees.

FUNDERBURK, J. In a suit brought by Jack Phillips against Joe Burkett and others, the plaintiff, on October 25, 1926, recovered judgment upon a certain vendor's lien note against Burkett for the sum of $2,093, with interest and attorney's fees, and against the other defendants for a foreclosure of the vendor's lien against certain lots of land situated in the city of Eastland; said judgment providing for the issuance of execution against Burkett and ordering sale of the lot only in the event that satisfaction of the judgment could not be made out of Burkett. On or about April 7, 1927, said Jack Phillips, the judgment creditor, having died and the judgment remaining unpaid, the executors of his estate transferred the judgment to L. Y. Morris for a recited consideration of the payment of the full amount of the judgment, interest, and costs. Subsequent to such transfer and after one execution against Burkett had resulted in the sale of certain property for $100 and an alias execution had been returned not satisfied, an order of sale was issued commanding sale of the property foreclosed. The owners of the property brought this suit against L. Y. Morris and John S. Hart, sheriff of Eastland county, to enjoin the sale, and alleging that Joe Burkett had previously paid to the executors of the estate of Jack Phillips, deceased, the full amount of the judgment, interest, and court costs, and thereby had satisfied and fully discharged the judgment; and further alleged that L. Y. Morris was asserting ownership of the judgment; that said Morris knew that the judgment had been satisfied, and that he had no bona fide interest therein, and that any 'attempt to acquire an interest in the judgment was done for the purpose of defrauding appellees and concealing the fact of payment by Burkett; that Morris was acting for and on behalf and for the use and benefit of Joe Burkett in the transaction, and any payment to the executors was made on the account of and for the use and benefit of Burkett.

Issue having been duly joined on the allegations of plaintiffs' petition, a jury, upon the trial of the case, found that the judgment in question in favor of Jack Phillips had been paid and satisfied by Burkett, and further found that L. Y. Morris paid the executors of the estate of Jack Phillips $2,197.65 on April 28, 1928, for, on behalf of and for the benefit of, and in trust for, Joe Burkett. Upon such verdict judgment was rendered for the plaintiffs, and the defendants have appealed.

Appellant's first proposition is as follows: "Plaintiffs failed to prove by a preponderance of the legal testimony that the judgment had been paid by Joe Burkett and, therefore, the court should have instructed a verdict for the defendants."

██ Waiving any discussion as to formal deficiencies of the proposition, it would seem to present no legal reason sufficient to support the assignment under which it is offered, viz.: That the court erred in refusing to peremptorily instruct a verdict for the defendants. The proposition cannot properly be construed as asserting that there was no evidence to support the verdict of the jury, nor that the evidence was legally insufficient for that purpose. If it were conceded that plaintiff failed to prove by a preponderance of the legal evidence that the judgment had been paid, this court would still be under no duty to disturb the judgment unless there was either no evidence of payment, or else that there was such an overwhelming preponderance of evidence showing that it had not been paid as to indicate that the judgment based upon such evidence was manifestly wrong.

██ We have, however, carefully considered the entire statement of facts and have reached the conclusion that, if the question of no evidence of payment, or insufficiency of evidence to show payment were before us, for determination, we would have to sustain the judgment. It will serve no useful purpose to detail the various bits of evidence considered in connection with the circumstances that altogether, we think, justified the jury in concluding that Burkett used Morris as his agent to pay the judgment. That such will constitute payment as against a claim of right to enforce further execution of the judgment seems to be well supported by authorities cited by appellees. 34 C. J. 692; Hadad v. Ellison (Tex. Civ. App.) 283 S. W. 193; Lillie v. Dennert (C. C. A.) 232 F. 104; Boyer v. Bolender, 129 Pa. 324, 18 A. 127, 15 Am. St. Rep. 723; Hogan v. Reynolds, 21 Ala. 56, 56 Am. Dec. 236; Adams v. White Bus Line, 184 Cal. 710, 195 P. 389.

██ By another proposition appellants contend that the court erred in permitting the witness V. V. Cooper to testify to the effect that Burkett approached him soon after the executors of Phillips' estate qualified, and asked to know if he (Burkett) would pay the judgment, would he be given a discount on it, and was told by witness that the latter would not consider it. The objection urged to the testimony is that it was hearsay. This conversation occurred before the transfer of the judgment to Morris. · We fail to see that the testimony was hearsay. Its purpose evidently was to show, as a circumstance material to the issue of payment, that Burkett at

that time had under consideration the payment of the judgment. What Burkett said was in the nature of original evidence going to establish his attitude ·with reference to the judgment as a mere circumstance of more or less probative force in the determination of the issue of payment. The testimony has none of the characteristics, so far as we can see, of testimony which the law condemns as hearsay.

■ The further complaint that the trial court erred in permitting the plaintiff Jim Harrell to testify that he asked Joe Burkett whether the lawsuit had ever been settled on the De Shazo property, and that he had said it was settled, is on a different footing. The testimony complained of was as follows:

"Me and Joe Burkett met right on the corner and he shook hands with me, and I suppose we stood there two or three minutes and I said, 'Judge, has this lawsuit ever been settled on this De Shazo property? They want to sell it;' and he said 'Yes, it is settled.' "

This conversation occurred after the transfer had been made to Morris, and Burkett, not being a party to the suit, the testimony was clearly hearsay. The statement of facts discloses, however, that this testimony was given and objection made upon the direct examination of the witness; that afterwards he was cross-examined at some length by counsel for appellant and that later, on redirect examination, said witness testified without objection, as follows:

"At the time that Mr. Judkins spoke to me and thereafter it was my understanding that this judgment had been paid and settled. In fact, Joe Burkett told me out on the corner of the square. As to what representations Joe Burkett made to me with reference to having paid this judgment, he did not say anything to me about it only what I told you. I asked him if it had been done settled and he said it had."

It seems to be well settled that a judgment should not be reversed because of the admission of improper evidence, where other evidence to the same effect was admitted without objection. Slayden v. Palmo, 108 Tex. 413, 194 S. W. 1103; St. Louis, A. & T. Ry. Co. v. Mackie, 71 Tex. 491, 9 S. W. 451, 1 L. R. A. 667, 10 Am. St. Rep. 766; Letcher & Moore v. Morrison, 79 Tex. 240, 14 S. W. 1010; Poindexter v. First State Bank (Tex. Civ. App.) 25 S. W. 858; Wolf v. Wolf (Tex. Civ. App.) 269 S. W. 488.

It was said in Slayden v. Palmo, supra: "Whether an appellate court should reverse a judgment because of the admission of improper testimony, when testimony to the same effect is permitted without objection, is another question. This court has repeatedly ruled that a reversal will not be ordered under such circumstances."

In St. Louis, A. & T. Ry. Co. v. Mackie, 71 Tex. 491, 9 S. W. 451, 1 L. R. A. 667, 10 Am. St. Rep. 766, the syllabus states the holding of the court as follows: "The improper admission of hearsay testimony is not ground for reversal on appeal when the same fact was established by other testimony not objected to."

As in the case at bar, the other testimony referred to was by the same witness.

Finding no material error, the judgment of the trial court will be affirmed.