MEYER KORNBLUM & SON, Inc., v. EX-
CESS INS. CO. OF AMERICA.
No. 18.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

Henry Waldman, of New York City (Henry Waldman and Lester J. Waldman, both of New York City, of counsel), for appellant.

Plaut & Davis, of New York City (Harold Davis and Herbert Plaut, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff owned and operated a motor vehicle and had obtained a policy of liability insurance under which, by merger with the company that originally issued the policy, the Public Indemnity Company had become the insurer when one Tesoriere was fatally injured by the vehicle. His administratrix brought suit against this plaintiff in the New York Supreme Court. That action went to trial and was defended by the insurance company in accordance with the terms of the liability policy. That suit resulted in a verdict for the administratrix of Tesoriere for $10,000 and costs, upon which judgment was entered on October 13, 1932. The insurance company did not deny its liability under the policy for the payment of that judgment when it became final, but desired to take an appeal to the Appellate Division and to have collection of the judgment stayed pending the appeal. To secure a stay it was required to, and did, file a supersedeas bond conditioned for the payment by the defendant in the state suit, who is the plaintiff herein, of the judgment and costs provided the appeal should be dismissed or the judgment affirmed. It filed its own bond so conditioned, but the acceptance of that was objected to by the attorney for the administratrix. Upon hearing, the New York court sustained the objection and fixed a short time within which a satisfactory bond might be filed. Within the time so set, the insurance company procured and presented to the court for filing, in connection with its own bond already given, a letter to it from the defendant in the instant suit, Excess Insurance Company of America, reading as follows: "We hereby confirm 100% reinsurance of your undertaking on appeal from a judgment directing the payment in the sum of $10,968.45 for account of Anna Tesoriere, as Administratrix of the goods, chattels and credits which were of Salvatore Tesoriere, Deceased, Plaintiff and Respondent, against Meyer Kornblum & Son, Inc., Defendant and Appellant. Said bond executed November 9, 1932 and numbered 225636."

Objections by the attorney for the administratrix to the acceptance of this letter and the bond already executed as sufficient to comply with the requirement for a supersedeas bond were overruled; the appeal was allowed; and the stay granted. Subsequently the appeal was dismissed by the Appellate Division. Meanwhile the Public Indemnity Company had become insolvent and was in process of liquidation. Payment of the judgment was demanded of the defendant herein and refused. Then the plaintiff in this action, to prevent the issuance of an execution against it on the Tesoriere judgment, settled the cause of action by paying to the administratrix, $8,400 and took an assignment of the judgment in the name of its nominee who assigned the judgment to it before this action was brought.

The grounds upon which the plaintiff seeks to recover are: (a) That the defendant's letter bound it to pay the Tesoriere judgment; (b) that if the express language of the letter is insufficient so to bind the defendant, it should be reformed to make it so; (c) that the letter was an undertaking for the benefit of the plaintiff who may sue upon it; and (d) that the plaintiff having paid the judgment is entitled to recover "on the theory of subrogation."

Much of the argument of the plaintiff seems to have lost sight of the fact that though Public Indemnity Company was liable under the original liability insurance policy as well as under the appeal bond, this defendant assumed no liability of any character except in connection with the appeal bond. Such liability as it assumed in connection with that must follow from its letter already quoted. That letter is clear and explicit in its language and not

546

the slightest ground for reformation has been shown. By the terms of that letter this defendant undertook to reinsure the entire liability of Public Indemnity Company under the appeal bond. The appeal bond in turn was conditioned for the payment by the appellant, who is this plaintiff, of the Tesoriere judgment if that appeal should be dismissed or that judgment affirmed. That appeal was dismissed, and that appellant, this plaintiff, did pay that judgment or so much of it as was necessary to satisfy the administratrix in full. Obviously, since the only undertaking of this defendant was to pledge itself to the performance by Public Indemnity Company of its obligation under the terms of its appeal bond, and that bond being conditioned only for the payment by this plaintiff of the judgment which the administratrix might finally obtain against it, both the liability of Public Indemnity Company upon the appeal bond and of this defendant ceased to exist when this plaintiff paid that judgment as the appeal bond required.

■ Whatever rights this plaintiff may have against Public Indemnity Company by reason of the payment of the Tesoriere judgment grow out of the obligation of that insurer under the terms of the liability policy itself. With those rights we have no concern in this action, since this defendant assumed no liability in connection with that policy. When it is clearly understood that the Public Indemnity Company's only default· is under that policy, that it is not and never can be in default under the appeal bond because the payment for which that bond was conditioned was made, and that this defendant's only obligation bound it to the performance by Public of the condition of the appeal bond, it becomes equally clear that there was no error in dismissing the complaint. In no event could this defendant be liable to anybody upon the undertaking in its letter without allegation and proof of the impossible, viz., that the appeal bond was defaulted.

■ All that remains is to determine whether this result is affected by the fact that when this plaintiff paid the Tesoriere judgment it took an assignment of that judgment instead of a satisfaction of it. Whatever may have been, and may be, its rights against its insurer under the liability policy, it was itself the judgment debtor against whom execution would run.

Therefore its payment of the judgment satisfied and discharged the judgment. Thereafter the judgment itself was as a matter of law no longer effective and the assignment gave this plaintiff no rights it did not otherwise possess. Harbeck v. Vanderbilt, 20 N. Y. 395; Ten Eyck v. Craig, 62 N. Y. 406, 410; Lillie v. Dennert (C. C. A.) 232 F. 104.

As the allegations in the complaint are insufficient to show any default on the part of this defendant, the specific theories upon which the plaintiff has attempted to build a cause of action need not be discussed in greater detail.

Judgment affirmed.