This is an appeal by the plaintiffs from a declaratory judgment requiring the plaintiff Guy Parker to indemnify the defendants. Affirmed in part; reversed in part and remanded.
The present action is based upon a former action, Parker v.Sutton, 47 Ala. App. 352, 254 So.2d 425 (1971), cert. den.287 Ala. 738, 254 So.2d 431. A review of the facts in that case will be helpful.
In 1963 Guy Parker contacted the farm implement dealer, Preuit Mauldin, a partnership, about purchasing a new high drum cotton picker but on the condition that he could sell or trade his low drum cotton picker. Robert and Coy Sutton expressed an interest in purchasing Parker's low drum cotton picker because they could not obtain financing for a new cotton picker. The Suttons were then allowed to take the low drum cotton picker and use it on a trial basis.
On September 9, 1963, the Suttons agreed to purchase Parker's low drum cotton picker for $11,750.00. They made a $2,000.00 down payment. A memorandum of the sale was made on a Commercial Credit Equipment Corporation purchase agreement, however, Commercial Credit declined to accept this purchase agreement because of an error in the interest calculation, and the Suttons refused to execute another agreement. Meanwhile, the Suttons wrecked the cotton picker.
On October 7, 1963, after several attempts to obtain the Sutton's signature to a new agreement, E.F. Mauldin and Guy Parker took possession of the cotton picker. In 1967 the Suttons sued Guy Parker, E.F. Mauldin, and Preuit Mauldin for conversion, trespass, and in detinue. The trial court entered a judgment for the Suttons in the amount of $10,000.00 plus interest. This judgment was later affirmed by the Court of Civil Appeals.
Thereafter, the Suttons threatened to issue execution on the judgment against E.F. Mauldin, but after negotiations the First Colbert National Bank (the Bank) paid the Suttons and took an assignment of the judgment. At the same time Preuit Mauldin issued its promissory note to the Bank for the amount of the judgment. After taking the assignment the Bank made a demand on Guy Parker to satisfy the judgment and then the Bank filed the certificate of judgment in the office of the Judge of Probate of Lawrence County. Later, the First Colbert National Bank released E.F. Mauldin and Preuit Mauldin from liability on the judgment but continued to hold Preuit Mauldin's promissory note.
The plaintiffs, Guy and Don Parker, then brought this action to quiet title to their real property, and Guy Parker sought a declaratory judgment to determine whether he was indebted to E.F. Mauldin, Preuit Mauldin, and the First Colbert National Bank based upon the judgment in Parker v. Sutton, supra. In its findings of fact the trial court found that E.F. Mauldin and Preuit Mauldin were acting as agents of Guy Parker in dealing with the Suttons and that E.F. Mauldin was acting under a bonafide supposition of innocence and propriety in taking possession of the cotton picker. The trial court then held that the amount owed on the judgment was $11,825.00 plus 7% interest and that Guy Parker must indemnify E.F. Mauldin and Preuit Mauldin. From this judgment the plaintiffs have appealed.
Among the issues the plaintiffs have raised are these questions:
1) Whether the judgment was extinguished by a satisfaction when the Bank paid the Suttons, and
2) Whether the trial court erred, based upon the doctrine ofres judicata, in litigating the bona fide innocence of E.F. Mauldin in taking the cotton picker.
The plaintiffs argue that the judgment was extinguished by a satisfaction when the Bank paid the Suttons for the total amount of the judgment and took it by assignment. To support this contention they cite Lillie v. Dennert, 232 F. 104 (6th Cir. 1916); Boyer v. Bolender, 129 Pa. 324, 18 A. 127 (1889); andAdams v. White Bus *Page 1377 Line, 184 Cal. 710, 195 P. 389 (1921). However, each of these cases is inapplicable to the present controversy. In Lillie, the Court of Appeals found no error in the lower court's conclusion that the judgment had been satisfied since payment had been made by the assignee, a straw man for the judgment debtor. Although the plaintiffs here also argue that the Bank was a straw man, there is at least a scintilla of evidence in the record to furnish a reasonable inference that the Bank was acting independently and in a regular businesslike manner in taking assignment of the Sutton's judgment. Thus, the Lillie case is not apt. Likewise, both Boyer and Adams are inapplicable because inBoyer the judgment was satisfied by the assignee who was a straw man for the judgment debtor; and in Adams the judgment debtor satisfied the judgment, through its insurance carrier, and then made an assignment to one of its employees who was a straw man.
The plaintiffs next argue that the trial court erred in litigating in this case the bona fide innocence of E.F. Mauldin in taking the cotton picker because the doctrine of res judicata
bars litigation of that question. A preliminary sub-issue to this question, as it applies to E.F. Mauldin and Preuit Mauldin, is whether there may be contribution or indemnity between joint tort-feasors. The general rule is that joint tort-feasors are not entitled to indemnity or contribution. Gobble v. Bradford,226 Ala. 517, 147 So. 619 (1938); Vandiver Co. v. Pollak, 107 Ala. 547,19 So. 180 (1894). An exception to this rule is stated inVandiver, supra, that:
 [I]f the parties act bona fide, under the supposition of the entire innocence and propriety of the act, — there is not room or reason for the application of the principle. . . .
The Court further observed:
 The general principle of the common law, and its limitation or exception is thus expressed by Judge Story: `It may be stated as a general principle of law, that an agent who commits a trespass or other wrong to the property of a third person, by the direction of his principal, if at the time he has no knowledge or suspicion that it is such a trespass or wrong, but acts bona fide, will be entitled to a reimbursement and contribution from his principal for all the damages which he sustains thereby. For although the general doctrine of the common law is, that there can be no reimbursement or contribution among wrong-doers, whether they are principals or are agents; yet that doctrine is to be received with the qualification, that the parties know at the time that it is a wrong. And in all these cases, there is no difference whether there be a promise of indemnity or not; for the law will not enforce a contract of indemnity against a known and meditated wrong; and, on the other hand, where the agent acts innocently, and without notice of the wrong, the law will imply a promise on the part of the principal to indemnify him.' — Story on Agency, § 339. . . .
In the instant case, the trial court took evidence and made findings of fact that E.F. Mauldin and Preuit Mauldin were acting as agents for Guy Parker and that when they dealt with the Suttons they in substance were acting innocently. The trial court then concluded that E.F. Mauldin and Preuit Mauldin were entitled to complete indemnity and that the First Colbert National Bank would be satisfied when Preuit Mauldin satisfied its note. The plaintiffs, however, argue that the trial court erred in litigating the bona fide innocence of E.F. Mauldin in this case because litigation of that issue was barred by the doctrine of res judicata, having been litigated in the former case.
The rules applicable to that question are laid down in GulfAmerican Fire and Casualty Co. v. Johnson, 282 Ala. 73,209 So.2d 212 (1968) and reiterated in Geer Bros., Inc. v. Crump,349 So.2d 577 (Ala. 1977). Those rules are that when cases are founded on the same cause of action, res judicata is a bar not only to matters actually presented on a right asserted in the earlier case but to matters which might have been asserted; and when cases are founded on different *Page 1378 
causes of action res judicata is a bar only where the parties are the same, the subject matter is the same, the identical point is in issue, and the judgment has been rendered in the first suit on that point.
Here the question is whether the cause of action is the same in both the original and present actions. The cause of action in the original action was based upon the wrongful taking of the cotton picker. In the present action, the cause of action is based upon the former judgment and counterclaims for indemnity in a declaratory judgment action. Because the cause of action in both controversies is not the same the first rule of res judicata does not apply. In addition, the second rule of res judicata, applicable when the cases are founded on different causes of action, does not apply since in both controversies the parties are not the same. Therefore, under the doctrine of res judicata
the trial court did not err in litigating the bona fide innocence of E.F. Mauldin.
The defendants asserted in their counterclaim that a constructive trust should have been enforced against Guy Parker for the $2,000.00 and the cotton picker he received. The plaintiffs argue that if the defendants were entitled to prevail on the constructive trust theory, the judgment based on that theory was excessive. However, this argument overlooks the effect of the trial court's judgment. That judgment was rendered on the theory of indemnity and requires Guy Parker to indemnify E.F. Mauldin and Preuit Mauldin. Therefore, the constructive trust issue was rendered moot.
Second, the plaintiffs argue that the judgment was contrary to the weight of the evidence. On that issue we must observe that on evidence taken ore tenus the conclusion of the trial court will not be disturbed unless it is plainly and palpably erroneous. AirMovers of America, Inc. v. State Nat. Bank of Ala., 293 Ala. 312,302 So.2d 517 (1974). Our review of the record convinces us that there is sufficient evidence to support the trial court's judgment.
Therefore, the trial court has not committed error in upholding the validity of the judgment requiring Guy Parker to indemnify E.F. Mauldin and Preuit Mauldin who in turn will satisfy the First Colbert National Bank.
But the plaintiffs also contend that the trial court erred by failing to render judgment quieting title to their properties. Although the trial court found that the plaintiffs raised the issue to quiet title, it did not rule on this point. Further, plaintiffs argue that the certificate of judgment filed with the judge of probate was defective because (1) it did not contain the names of all the parties, and (2) it did not state the correct amount of the judgment, and therefore it could not create a lien on their real property. We have set out the certificate of judgment in haec verba: *Page 1379 
CERTIFICATE OF JUDGMENT-Without Waiver.
The State of Alabama,} LAWRENCE COUNTY. }Robert Sutton And Coy } No. B-1589Sutton } IN THE CIRCUIT COURT OF vs. Plaintiff ____ } LAWRENCE COUNTY, ALABAMA.Guy F. Parker and E.F. }Mauldin, et al } Defendant ____ }
I, Ernest Shelton, Clerk of the Circuit Court in and for said County, in said State, do hereby certify that on the 21st day ofAugust, 1970, a judgment was rendered by said Court in the above-stated cause, wherein Robert Sutton and Coy Sutton
_______________, was Plaintiff and Guy F. Parker and E.F.Mauldin, et als Defendants in favor of the said Plaintiff and against the said Defendant ___ for the sum of Eleven ThousandEight Hundred Twenty-Five and No/100 Dollars and also the sum ofOne Hundred Seventy-Nine and No/100 Dollars, costs of suit, and that Speake Speake And Bedford Bedford are the attorney of record for the Plaintiff in said cause, and that Robert SuttonAnd Coy Sutton are the owner of said judgment.
Witness my hand, this the 24th day of November 1971
*For Assignment See Reverse Side. _____________________________ Clerk, Circuit Court, Lawrence County, Alabama. ---------------------------------------------------------------
I hereby further certify that said __________________________ was, on the _____ day of ________, 19__, transferred to ________________________________ as shown by record in my office.
_____________________, Clerk.
The legislature mandated in Tit. 7, § 584, Alabama Code that:
 The owner of any judgment or decree rendered in any court of record of this state, or of the United States, held in this state, may file in the office of the judge of probate of any county of this state, a certificate of the clerk or register of the court by which the judgment or decree was rendered which certificate shall show the style of the court which rendered the decree or judgment, the amount and date thereof, the amount of costs, the names of all parties thereto, and the name of the plaintiff's or complainant's attorney, and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment or decree, and said judge shall make a proper index to said book, which shall also show under the proper letter or letters of the alphabet the names of each and every defendant to said judgment or decree, and such judgments or decrees shall be recorded in chronological order of the filing of such judgments or decrees. . . . (emphasis added)
In Duncan v. Autauga Banking Trust Co., 223 Ala. 434,136 So. 733 (1931), this Court held that there must be strict observance of the statute [Code of 1923, § 7874] to create a lien. That section became Tit. 7, § 584, Ala. Code (Recomp. 1958) (6-9-210,Code of Ala. 1975), and a comparison of its requirements with the certificate of judgment shows noncompliance with the statute's terms because not all of the parties in the judgment are named and the amount of the judgment is not correctly stated. Since the certificate of judgment filed by the First Colbert National Bank failed to so comply, it is defective and cannot be utilized to effect a lien. *Page 1380 
Since the trial court erred by not rendering judgment on the issue of quieting title, the cause must be remanded for further proceedings not inconsistent with this opinion. Accordingly, the judgment is affirmed in part, reversed in part and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.