McPherson, Defendant in Error, v. Meek, Plaintiff in Error.

1. To constitute a bond signed by a person a valid bond against him, it must be shown to have been delivered to the obligee.
2. Where a person, alleging that he had as surety for another paid a bond in which the latter was principal, seeks to recover the sum so paid of the alleged principal, he must show that he became a party in the character of surety at the instance of the alleged principal, or that the latter assented to it, unless this fact appear from the instrument itself.
3. Nothing can be set up as a counter-claim, which is not a cause of action, a cross demand, and that does not contain the substance necessary to sustain an action by defendant against the plaintiff, if the plaintiff had not sued the defendant.

McPherson v. Meek.

### Error to DeKalb Circuit Court.

The facts sufficiently appear in the opinion of the court.

*Shambaugh*, for plaintiff in error.

I. The court erred in striking out that part of the answer relating to the non-delivery of the bond. If after defendant had signed the bond, he declined giving the same, and plaintiff afterwards, contrary to defendant's direction, delivered the bond to the county, plaintiff can not recover the amount he paid on the bond. So also the court erred in striking out that portion of the answer charging that plaintiff signed the bond as security without the knowledge or consent of the defendant. (2 Greenl. Ev. p. 93; 19 Mo. 170.) So also in striking out the defence of fraud. If the plaintiff fraudulently procured defendant's signature to the bond for the purpose of paying a debt due by plaintiff to the county, instead of a debt due by defendant, as intended by defendant, he can not recover. The court improperly struck out the defence of mistake. The defences are not inconsistent. Even if they were, a motion to strike out was not the proper remedy. Such an objection applies to the whole answer. The proper remedy is a motion to compel the defendant to elect. The court erred in striking out defendant's set-off. The fact that the amount claimed was due from plaintiff and another does not deprive defendant of the privilege of using it as a set-off when sued by plaintiff alone. (Whaley v. Cope, 4 Mo. 233; 8 Mo. 309; 24 Mo. 306.) The defendant could have maintained an action for the debt against plaintiff alone. (4 Mo. 233.)

EWING, Judge, delivered the opinion of the court.

This was a suit to recover the sum of $161.94, which plaintiff alleges he paid for the defendant as his security on a bond executed by them, (defendant being principal,) with one Hudson, to the county of DeKalb for the use of the road and canal fund. The petition alleges that the bond bore date

January 4, 1858, and was for $142.14, payable in twelve months; and that, defendant making default, plaintiff paid said sum with interest January 19, 1859.

The answer denied the execution of the bond as charged, and that plaintiff paid the sum claimed; admitted that the defendant signed the bond, but denied the delivery of it; and alleges that the bond was signed by plaintiff as surety without the knowlege or consent of defendant, and was delivered by plaintiff contrary to defendant's direction; charges that plaintiff fraudulently procured defendant's signature to the bond for the purpose of paying a debt owing by plaintiff to said county, instead of paying a debt due by defendant to said county, as intended by defendant; also that defendant signed the bond under a mistake as to the purpose of giving the same, and that plaintiff afterwards, contrary to the direction of the defendant, fraudulently delivered the bond to said county in payment of a debt due from plaintiff to the county. The defendant also pleaded a set-off due him from plaintiff, and also a counter claim, as the answer terms it, of $96.50 against the firm of McPherson & Harvey, of which plaintiff was a member.

That part of the answer setting up the non-delivery of the bond is a good defence to the action, and should not have been struck out. The answer avers that the bond was never delivered by the defendant as his act, nor by any one authorized by him, and that it was delivered by the plaintiff to the county court without his knowledge or consent. If these facts are established, it is clear the defendant would not be liable. The instrument, although signed by the defendant, as he admits, was incomplete and created no liability as against him without delivery, although it may have been binding on the other parties to it. In such actions as this the plaintiff must prove the original obligation, by proof of the bond, agreement, or other instrument by which he became a surety. One of the essential constituents of an obligatory instrument, to-wit, the delivery, is alleged by the defendant to be wanting; and upon such an issue the *onus* of

proving the delivery would devolve of course on the plaintiff. This was the issue tendered by the answer and struck out, we think, improperly by the court.

As to the allegation in the answer that there was no request that the plaintiff should become Meek's surety, it may suffice to say, that unless this fact appear from the instrument itself, as executed by defendant, proof must be given that the plaintiff became a party at the instance of the defendant in the character of surety, or that he assented to it. (2 Stark. Ev. § 773; Pittman, Price & Surety, 232.)

As to the part of the answer alleging plaintiff's fraud in procuring defendant's signature to the bond in question, we are of opinion the facts set forth wholly fail to make out a case of fraud, and if proved would furnish no ground for vitiating it as respects the defendant. He states what his own understanding was in reference to the purpose for which the bond was to be given, but does not aver that the plaintiff was a party to such understanding, or ever assented to it, or that he, by any false representation or concealment or otherwise, misled or deceived him as to the nature of the transaction, or the object had in view in executing the instrument. We are also of opinion, that the matters as pleaded in that part of the answer alleging a mistake in executing the bond do not constitute a defence to the action.

That portion of the answer pleading what is called a counter claim of $96.50 was properly stricken out. So far from the items constituting it being an indebtedness due from the plaintiff to the defendant, they are expressly stated to be *payments* made to the plaintiff on a preëxisting debt due to the firm of McPherson & Harvey, of which plaintiff was a member. If the firm was suing for this debt, these items would be pleaded by the defendant as payments; but such is not this suit, nor is plaintiff seeking to recover any debt or demand due the firm of McPherson & Harvey. They are not well pleaded as payments in this action, because the debt, which it is alleged they were paid to discharge, the plaintiff does not seek to enforce or recover; and no ques-

tion as to how such payments were applied, or whether credited or not on the defendant's debt, could arise in this suit. They are not properly pleaded as a counter-claim, because they obviously have none of the characteristics of such a claim. They constitute no *cause of action*, upon which he might have maintained a suit against the plaintiff; and nothing is a counter-claim which is not a cause of action or a cross demand, and that does not contain the substance necessary to sustain an action by defendant against the plaintiff, if the plaintiff had not sued the defendant. (3 Kernan, 252.)

Judgment reversed and the cause remanded; Judge Napton concurring. Judge Scott absent.