(101 App. Div. 415)

CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILADELPHIA v. ·
                        HAASLOCHER et al.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. SUBROGATION—PAYMENT FOR BENEFIT OF ANOTHER—LIABILITY.
    Certain breweries formed a mutual association for insurance against
    loss from liability for personal injuries, and, a claim for personal injuries
    having been made against one of the members, the insurer was notified
    to defend, and in compliance with the notice undertook the defense of the
    action, which resulted in a judgment against the insured. To save itself
    from having to pay the judgment, the insurer procured a surety to ex-
    ecute an appeal bond, and after the bond was executed the insurer with-
    drew from the case on the ground that the insured was in default of
    assessments. The surety proceeded to perfect the appeal, and also sought
    and procured a new trial on the ground of newly discovered evidence, and
    finally compromised the case without the appeal having been heard. Held,
    that the surety was entitled to be subrogated to the rights of the insured
    against the insurer for the amount paid on the settlement of the claim,
    it appearing that the settlement was a reasonable one, was made in good
    faith, and for the benefit of the insured.
        Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from Special Term.

Action by the City Trust, Safe Deposit & Surety Company of Phil-
adelphia against John B. Haaslocher, as president of the Brewers' In-
demnity Fund Association, and another. From an interlocutory judg-
ment sustaining a demurrer to the complaint, plaintiff appeals. Re-
versed.

Argued before VAN BRUNT, P. J., and PATTERSON, Mc-
LAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Wm. R. Conklin, for appellant.
Grant C. Fox, for respondents.

INGRAHAM, J. The plaintiff is a corporation organized under the
laws of the state of Pennsylvania. The defendant Haaslocher is the
president of an unincorporated association having an office for the
transaction of its business in the city of New York; and the defendant
the brewing company is a domestic corporation organized under the
laws of the state of New York. The complaint alleges that the Brew-
ers' Indemnity Fund Association was formed for the purpose of under-
taking the defense of all actions against the members thereof in the
trial and appellate courts, at its own proper costs and expense, and to
pay and satisfy judgments obtained against the members of said asso-
ciation, and save the members thereof harmless from any judgments
therein and any costs and expenses, and relieving the members of said
association from all loss suffered through claims made or actions
brought to recover damages on account of personal injuries to other
parties, claimed to be caused by the acts and negligence of the members
of said association; that by the articles of association or by-laws, or by
the agreement established between the said indemnity association and
its members, it promised and undertook to indemnify and save harmless
its members of and from all such claims, loss, and damages; that at
the time of the bringing of an action by one Pauline Burstein, and the

service of the summons and complaint therein upon the brewing company, and at the time of the recovery of judgment against the said brewing company, the said brewing company was a member in good and regular standing of the Brewers' Indemnity Fund Association; that on or about October 9, 1895, one Pauline Burstein brought an action against the defendant the brewing company to recover damages for personal injuries, whereupon the brewing company called upon the Brewers' Indemnity Fund Association to defend said action, and to protect said brewing company from all liability thereunder, and to perform its obligation in its behalf in respect to said action; that in accordance with such demand the Brewers' Indemnity Company undertook the defense of said action brought by said Burstein by and through its attorney, Ashbel P. Fitch, and said Ashbel P. Fitch, as said attorney, acting under the instructions and authorization and on behalf of said Brewers' Indemnity Association, appeared as attorney in said action for the brewing company, and served an answer in said action, and acted as such attorney upon the trial of the action, which resulted in a judgment against the brewing company for the sum of $21,202.53, against which judgment the said indemnity association became and was liable under its said agreement to indemnify and save harmless the said brewing company; that on or about the 7th day of April, 1897, the brewing company made an application in writing to the plaintiff herein for a bond or undertaking in the sum of $21,702.53 in favor of said Burstein for the purpose of staying execution on the aforesaid judgment pending an appeal to the Appellate Division of the Supreme Court; that at the time of said application the brewing company executed its bond of indemnity in the like amount to the plaintiff; that the application for said bond or undertaking on appeal was made to the plaintiff by the brewing company "at the request and special instance of said the Brewers' Indemnity Fund Association"; that Ashbel P. Fitch, the attorney for the indemnity association, under the authorization of and on behalf of said association, prepared the case on appeal for the brewing company; that at the time of the application for said bond, and upon the execution and delivery thereof by the plaintiff, the brewing company was a member of said Brewers' Indemnity Fund Association, and that said association was liable, by its said articles, by-laws, or agreement, to indemnify and save harmless the brewing company from the judgment entered against the brewing company when appealed from as aforesaid, and was bound by contracts as aforesaid to prosecute said appeal in its behalf, and to indemnify and save harmless the brewing company from all costs and expenses of said appeal; that in accordance with said application of the brewing company, and relying upon the membership of said brewing company in the said Brewers' Indemnity Fund Association, and the liability of said association as aforesaid to hold said brewing company harmless, and by reason of and upon the security of the said Brewers' Indemnity Association and said agreement and liability in that behalf, the plaintiff did, on or about the 7th day of April, 1897, execute and issue its certain bond or undertaking in favor of the said Burstein, whereby it undertook and agreed that, if the said judgment appealed from, or any part thereof, should be affirmed, or the appeal be dismissed, the brewing company would pay the

sum recovered or directed to be paid by the said judgment, or part thereof, as to which it should be affirmed, and that the said brewing company would pay all costs and damages which might be awarded against it on appeal, not exceeding the sum of $500, which bond was duly filed on or about the 7th day of April, 1897, in the office of the clerk of the county of Kings, and the appeal of the brewing company perfected; that on or about the 7th day of May, 1897, the indemnity association gave notice to the brewing company that the board of trustees of the indemnity association had by resolution declared said brewing company to be in default in the payment of an assessment against said brewing company, and that the said association would not be responsible for any present or future claims under the articles of agreement, but that said association would hold the brewing company responsible for its pro rata assessment upon all claims pending at that time; that the said Ashbel P. Fitch, as attorney for the said association, subsequently notified the brewing company on the 19th day of May, 1897, that he would not act longer as attorney for the said brewing company; that thereupon the plaintiff, as surety on said appeal, was notified of the refusal of the indemnity association to continue to protect the appeal in the aforesaid action, or to be responsible for the judgment obtained therein, or to save the brewing company harmless therefrom, and that, should the plaintiff desire to protect itself upon its bond given in said appeal, it would be required to undertake the prosecution of said appeal; that the plaintiff, while protesting against the action of the indemnity association, and for the protection of said appeal, and for and on account of said association, printed the case on appeal as filed by the attorney for the Brewers' Indemnity Association, and finally completed said appeal, notifying the Brewers' Indemnity Association that it would hold said association liable for all damages that it might suffer by reason of the refusal of the association to prosecute the said appeal, or by reason of the plaintiff having executed and issued its bond on appeal as aforesaid; that the said brewing company had not, at the time said notices were given, ceased to be a member of said association, or entitled to the benefits of the articles of agreement thereof, and that the said association was held and was legally bound by its contract and agreement as aforesaid to indemnify and save harmless the said brewing company from said judgment, and to prosecute said appeal on its behalf; that thereafter the plaintiff made an application on behalf of the brewing company for a new trial on the ground of newly discovered evidence, and on the 4th day of August, 1897, an order of the Special Term of the Supreme Court was entered, granting such motion, and directing that a new trial be had; that the appeal from said order was taken to the Appellate Division of the Supreme Court, where such order was affirmed; that thereafter the plaintiff obtained a settlement of the said action of Burstein against the brewing company, and paid to Burstein the sum of $250, and that thereupon the judgment which had been entered was satisfied, and the action discontinued, and the liability of the plaintiff on the bond and undertaking terminated, and that the said sum of $250 was paid as a compromise settlement of said claim, and said compromise was a reasonable and proper one, and such settlement was for the interest and

benefit of said brewing company and said indemnity association, as well as of the plaintiff. The complaint further alleges the payment of counsel fees and disbursements by the plaintiff in procuring the order for a new trial, the recovery of a judgment against the brewing company for the amount expended by the plaintiff, the recovery of a judgment thereon, the issuance of an execution, and its return unsatisfied; that the plaintiff herein, upon the facts set forth, and because of the issuance of its undertaking on appeal as aforesaid "at the special instance and request of said the Brewers' Indemnity Fund Association, became subrogated to the rights and claims of said Leibenger & Oehm Brewing Company against the said the Brewers' Indemnity Fund Association, to recover from said association damages suffered by said brewing company in consequence of the failure of said indemnity association to do and perform its said contract and agreement, and to indemnify the said brewing company against said judgment, and to prosecute said appeal to the extent of said expenses so incurred and paid by the plaintiff. to wit, the sum of $5,146.66; and the said the Brewers' Indemnity Fund Association became and is liable and indebted to this plaintiff for all of the said expenses as aforesaid, amounting to the said sum of $5,146.66, with interest from the 8th day of June, 1899." The plaintiff demands judgment against the defendant, as president of the Brewers' Indemnity Association, for that sum, with interest and costs. The ground of the demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

Upon this appeal it is not necessary to determine the extent of the recovery to which the plaintiff would be entitled. If, upon the facts pleaded, the plaintiff would be entitled to any judgment, the demurrer should not have been sustained. The indemnity association was, on the 7th day of April, 1897, liable to pay the judgment that had been obtained against the brewing company. It had recognized its obligation by undertaking the defense of the action against the brewing company, employing counsel to try the case, and, when defeated upon the trial, by appealing from the judgment. Upon the entry of the judgment against the brewing company, the indemnity association became bound to pay that judgment, and to secure a stay of the proceedings to enforce the judgment which it would have been obliged to pay it requested the brewing company to apply for and obtain from the plaintiff an undertaking. But for this undertaking the plaintiff in the suit against the brewing company would have been entitled to enforce the judgment which, under its contract, the indemnity association would have been bound to pay. The plaintiff's position upon these facts was strictly that of a surety, who occupied that position at the request and special instance of the indemnity association to protect it from the enforcement of the judgment for which it was liable pending the appeal. The giving of the undertaking by the plaintiff was directly for the benefit of the indemnity association, and was issued at its request and special instance, and the result of the giving of the bond and the efforts of the plaintiff was to reduce the liability of the indemnity association from the amount of the judgment to $250, which was finally paid in settlement of the claim. Upon these allegations the plaintiff was in no sense a volunteer. It is alleged that it executed the under-

taking at the request and special instance of the indemnity association, and whether that request was directly to the plaintiff or to the plaintiff through the principal debtor, the brewing company, seems to me to be immaterial. The undertaking was in fact executed for the benefit of the indemnity association, and at its request and special instance. If the plaintiff had been compelled to pay the whole amount of this judgment, the indemnity association would have been liable to repay to the plaintiff the amount that it had paid to discharge the judgment. Whether or not the indemnity association would be responsible for counsel fees paid by the plaintiff in procuring the new trial we are not now required to determine; but I entertain no doubt but that upon these facts the indemnity association was liable to the plaintiff for the amount that it paid upon the settlement of the claim, provided that it be found as a fact that such settlement was a reasonable one for the surety to make, and was made in good faith, and for the benefit of the principal.

The principle of "equitable subrogation" is of extensive application. In Cuyler v. Ensworth, 6 Paige, 32, it was held that "the surety, by the mere payment of the debt, and without any actual assignment from the creditor, is in equity subrogated to all the rights and remedies of the creditor for the recovery of his debt against the principal debtor or his property, or against the co-sureties or their property, to the extent of what they are equitably bound to contribute." This principle was applied by the Court of Appeals in Townsend v. Whitney, 75 N. Y. 425. But it seems to me that the liability of the indemnity association case rests upon the right of a surety, who was paid the debt of his principal, to recover from the principal the amount that the surety had been compelled to pay to discharge the obligation of the principal. But for the execution of the undertaking by the plaintiff the indemnity association would have been liable to pay the judgment, the enforcement of which the undertaking prevented. Then there arose an implied obligation of the indemnity association to pay to the plaintiff what it was compelled to pay to discharge the obligation of its principal. It was this obligation that was recognized and enforced in the case of City Trust, etc., Co. v. Am. Brewing Co., 174 N. Y. 486, 67 N. E. 62, and, although there was the element in that case of a direct violation of law by the defendant which constituted a breach of the condition of the bond, it seems to have been held that the fact that the defendant made the application for the bond through its agent, was the principal obligor thereon, and having obtained the benefit of the bond given by the surety, it would be responsible to the surety for any sum that it was obliged to pay in discharge of the obligation which it had incurred for the benefit of the defendant. The opinion of the Supreme Court in that case, reported in 70 App. Div. 511, 75 N. Y. Supp. 140, contains a review of the authorities, and states this principle as follows: "There is another well-settled principle of law applicable to this case, and that is that, where the surety pays the debt of his principal, the surety has a right to be put in the place of the creditor, and to avail himself of every means the creditor had to enforce payment against the debtor;" and cites the remarks of Judge Vann in Arnold v. Green, 116 N. Y. 571, 23 N. E. 2, which were: "The remedy of subrogation is no longer limited to sureties and quasi sureties, but includes so wide

a range of subjects that it has been called the 'mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay.'"

It follows that a cause of action was alleged, and the judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw the demurrer and answer upon payment of costs in this court and in the court below.

McLAUGHLIN and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., and PATTERSON, J., dissent.