### McCabe v. Montgomery.

#### Opinion delivered December 17, 1917.

STAY BOND—WHERE SURETY IS VOLUNTEER.—Appellees were accommodation endorsers on the note of one P. Judgment was rendered against all of them. At P.'s request appellant executed a stay bond as surety. Appellees did not wish the bond executed and refused to join in its execution. At its maturity, appellant satisfied the debt and sued appellees under Kirby's Digest, § 7924. *Held,* appellant could not recover, having acted in the transaction with respect to appellees merely as a volunteer.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; affirmed in part and reversed in part.

*F. G. Taylor,* for appellant.

1. The note was a joint and several liability and all the signers were principals. Kirby & Castle's Digest, § 6597, sub. 7. Appellant by signing the stay bond became surety for all, and when he was compelled to pay the judgment, they became liable for the amount paid. *Ib.,* § 9878; 27 Am. & Eng. Enc. Law 431; Kirby & Castle's Digest, § 5354. By executing the stay bond, appellant became a supplementary surety for the debt. 32 Cyc. 18.

*C. T. Bloodworth,* for appellees.

1. Appellees did not sign the stay bond, nor request appellant to sign it. Appellees were sureties for Patterson and all liable to the bank, but as between themselves, they were liable in the inverse order of their undertakings. 29 Ark. 477; 34 *Id.* 73; 36 *Id.* 145. Appellant was a mere volunteer. 54 Ark. 100.

SMITH, J. Appellees were accommodation endorsers of the note of T. J. Patterson to the order of the

First National Bank, of Corning, Arkansas. The note was not paid at its maturity, and the bank recovered judgment against all signers thereof, when Patterson requested appellant McCabe to sign a stay bond with him, staying said judgment, and McCabe did so, under the impression that it was the desire of all the judgment debtors that he do so. As a matter of fact, appellees did not desire appellant McCabe to sign the stay bond, and they, themselves, refused to sign it, but on the contrary, stated to the justice of the peace that they did not desire the judgment stayed but desired that an execution be issued at once and levied upon the property of Patterson.

Upon the maturity of the bond, an execution issued against both the principal and surety, which was satisfied by appellant McCabe by paying the amount thereof, and he thereupon, pursuant to Section 4627 of Kirby's Digest, obtained judgment before the justice of the peace against the judgment debtors for the amount paid by him. In the meantime, Patterson had become insolvent and apparently indifferent as to the future progress of the litigation. An appeal was prayed by the other judgment debtors, and the cause was heard by the court below upon an agreed statement of facts, which contained substantially the recitals of facts set out above. The court rendered judgment for all the defendants, including Patterson, which was evidently a clerical misprison, as he did not appeal from the judgment of the justice of the peace, and no one appears for him here, and no one appeared for him in the court below. The judgment in his favor must, therefore, be reversed and the judgment of the justice of the peace is declared to be in full force and effect. Did the court properly find for the other defendants? Appellant argues that, when he executed the stay bond for appellees, he became their surety, and, when he was compelled to pay the judgment against them, by reason of having executed the stay bond, they became liable to him for the amount so paid under the provisions of Section 7924 of Kirby's Digest, which provides that,

when any bond, bill, or note for the payment of money, shall not be paid by the principal debtor, but is paid by the surety, the principal debtor shall refund to the surety the amount so paid. But this statute only inures to the benefit of one who has discharged one of the legal obligations mentioned above under which he rested at the time of its discharge. It does not protect the mere volunteer. Appellees were not parties to this stay bond, and did not desire its execution. It was not executed at their request, or for their benefit, and so far as appellees are concerned, appellant must be regarded as a volunteer. Section 325 Brandt on Suretyship (3 Ed.). The sections of Kirby's Digest cited above, under which appellant prays judgment, do not authorize the rendition of judgment under the facts stated, and the court, therefore, properly refused to render judgment in appellant's favor.