[Civ. No. 8426. First Appellate District.—August 6, 1932.]

ANNE D. HOLMES, Plaintiff and Respondent, v. EDWARD F. HUGHES, Defendant and Respondent; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant.

Bronson, Bronson & Slavin for Appellant.

P. L. Benjamin for Respondent.

THE COURT.—On February 27, 1930, judgment was entered in the above action in favor of plaintiff and against the defendant for $2,500 and costs. The action was one for personal injuries caused by the negligent operation of an automobile by the defendant. The latter was insured against loss or damage due to such negligence by a policy of liability insurance issued by the Home Accident Insur-

ance Co. of Arkansas. Therein the insurer agreed "to defend in the name and on behalf of the assured any suit brought to enforce a claim for damages . . . " and the policy also contained the following provision: "The assured, whenever requested by the company, shall aid in securing information and evidence and the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability either before or after an accident, nor shall he, without the written consent of the company previously given, incur any expense or settle any claim except at his own cost, nor interfere in any negotiations for settlement or in any legal proceeding conducted by the company on account of any claim. . . . " Further, that in the event of a judgment being recovered against the assured an action might be brought on the policy by the injured person against the insurer.

The evidence shows that the insurer employed attorneys and carried on the defense without interference by defendant. Upon the entry of the judgment an appeal was taken therefrom by the insurer, acting through its attorneys, and a bond was filed for the purpose of staying execution pending the appeal. This bond was procured by the insurer from the Indemnity Insurance Company of North America, which at the insurer's request became sole surety thereon. Thereafter the insurer became insolvent and the appeal was dismissed, whereupon a *remittitur* issued and was filed in the superior court. The judgment passed by assignment to J. C. Hughes, who, on June 17, 1931, filed in the superior court a written application for entry of judgment against the Indemnity Company as surety upon the bond. The application was granted, resulting in a judgment under section 942 of the Code of Civil Procedure against said company for $2,639.04, with costs and interest, which it paid.

Following such payment the Indemnity Company, pursuant to section 1059 of the Code of Civil Procedure, requested the clerk of the superior court to issue execution against the defendant for the amount paid. The writ issued and was levied upon property standing in defendant's name. Thereupon he moved the court for an order directing entry of satisfaction of judgment as against himself and recalling the execution. This motion was upon the ground that the Indemnity Company did not by executing the said bond on

appeal, become surety for him but for the insurer, and that therefore it had not become subrogated to any right to enforce the judgment against him. Affidavits in support of the motion, and counter-affidavits by the Indemnity Company, were filed. Those in favor of the defendant, who was the prevailing party, must be taken as true. (*Doak* v. *Bruson*, 152 Cal. 17 [91 Pac. 1001].) From these it sufficiently appears that the defendant was satisfied with the judgment and desired its payment, but that without his knowledge or consent an appeal was taken therefrom by the insurer, and upon its application alone the bond in question was procured and filed; further, that the insurer agreed to hold the Indemnity Company harmless against any liability for loss thereunder, and that the latter company until the insurer became insolvent considered it and not the defendant to be its principal. It also appears that all the facts of the transaction were known to the Indemnity Company when its bond was executed, and that a discount from the regular premium was allowed the insurer. The motion was granted, and the Indemnity Company appealed from the orders entered in that connection.

■ While the policy contained the provision that the assured, if requested by the company, should aid in the prosecution of appeals, by no reasonable construction did this provision require defendant to furnish a bond to stay the execution of a judgment pending an appeal, or to place himself in a position where he would be subject to a claim of the character made in this proceeding; and it has been held to be the duty of an insurer, in case it elects to appeal, to furnish the bond. (*Pacific Coast Casualty Co.* v. *General Bonding & Casualty Co.*, 240 Fed. 36.) It has also been held that an insurance company, in exercising its right to defend an action brought against the assured, is not the latter's agent, but rather in the position of an independent contractor. (*Attleboro Mfg. Co.* v. *Frankfort etc. Ins. Co.*, 240 Fed. 573; *Bell* v. *Greenwood*, 229 App. Div. 550 [242 N. Y. Supp. 149].)

The Indemnity Company contends, however, that having paid the judgment it became substituted to the rights of the judgment creditor under said section 1059, which provides that any surety on an undertaking on appeal executed to stay proceedings on a money judgment, who pays the

same after its affirmation, is substituted to the rights of the judgment creditor, and may enforce the judgment in all respects as if he had recovered it.

A surety is one who at the request of another, and for the purpose of securing him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor (Civ. Code, sec. 2831); and it is the general rule that in order to recover he must show that he became such at the express or implied request of the principal; otherwise, he will be deemed a mere volunteer, and cannot thus make himself a creditor of him whose debt he pays. (Spencer, Suretyship, sec. 118; 50 Cor. Jur., Principal and Surety, sec. 404, p. 249; *Mitchell* v. *Chambers*, 43 Mich. 150 [38 Am. Rep. 167, 5 N. W. 57]; *White* v. *White*, 30 Vt. 338; *Ricketson* v. *Giles*, 91 Ill. 154; *McPherson* v. *Meek*, 30 Mo. 345; *McCabe* v. *Montgomery*, 131 Ark. 523 [199 S. W. 548]; *Anderson* v. *Hendrickson*, 1 Neb. (Unof.) 610 [95 N. W. 844].) Here there was no request by defendant, and as between him and the companies he received no benefit from the filing of the bond, nor was it the intention of the Indemnity Company that he should, the sole beneficiary as understood by both companies being the insurer. Under such circumstances, as held in *McCabe* v. *Montgomery, supra,* so far as the companies were concerned, the bond was not for defendant's benefit, and as to him the Indemnity Company was a volunteer. While subrogation is founded upon principles of justice, and may be decreed so as to secure such without regard to form, a person claiming the benefit of the doctrine must establish a superior equity, which appellant has failed to do, and it will not be permitted to work an injustice. (23 Cal. Jur., Subrogation, 917; *Bell* v. *Greenwood, supra.*) The facts of the case last cited closely resemble those in the case at bar; and it was there held that a surety on an appeal bond obtained by an insurer was not entitled after payment of the judgment to recover against the principal defendant on the theory of subrogation, citing *City Trust etc. Surety Co.* v. *Haaslocher*, 101 App. Div. 415 [91 N. Y. Supp. 1022), which declares that after judgment the insurer is as between it and the judgment debtor to be regarded as the principal debtor, and that an appeal bond

which it had caused to be filed should be deemed to have been executed on its behalf as principal. Literally, the code section covers all cases where such a bond is filed irrespective of any question of privity between the parties, and regardless of whether the judgment debtor knew of the fact. ■ However, the right of a surety to be subrogated to the rights of the original creditor as against the judgment debtor upon payment of the judgment has long been recognized and enforced in equity (37 Cyc., Subrogation, 419; 25 R. C. L., Subrogation, sec. 69, p. 1387; 16 L. R. A., p. 118, note); and, as has been said with regard to section 709 of the same code (*Forsythe* v. *Los Angeles Ry. Co.,* 149 Cal. 569 [87 Pac. 24]; *Williams* v. *Riehl,* 127 Cal. 365 [78 Am. St. Rep. 60, 59 Pac. 762]), section 1059 gives to a surety the summary remedy of using the judgment itself to enforce his rights against the judgment debtor. It is but a method of procedure based upon the doctrine of subrogation and governed by the same equitable principles. The letter of the statute will not be followed where the result of such an interpretation will be absurd and unjust, it being the rule that the spirit and reason of the law should prevail. (23 Cal. Jur., Statutes, sec. 113, p. 735.) ■ Here, although the defendant was named as principal in the bond, this was without his knowledge or consent, and the insurer was, regardless of the form of the transaction, the real principal and the Indemnity Company its surety. It is our conclusion in view of the facts that as to defendant the Indemnity Company was not a surety within the meaning of the code section.

The orders appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1932.