[Sac. No. 4858. In Bank.—July 21, 1934.]

CALIFORNIA SMITH, a Minor, etc., Plaintiff, v. FALL RIVER JOINT UNION HIGH SCHOOL DISTRICT (a Body Politic) et al., Defendants; INDEPENDENCE INDEMNITY COMPANY (a Corporation), Appellant; M. D. PRATT, Respondent.

John Ralph Wilson for Appellant.

Oliver J. Northup and W. C. Sharpsteen for Respondent.

CURTIS, J.—Plaintiff was enrolled as a pupil of the Fall River Joint Union High School District, one of the defendants herein. The school district entered into an agreement with the defendant Dave Fitzwater to transport by bus pupils living in certain territory within the district to and from the school building of said district. The defendant Fitzwater was the owner of the bus, and was paid a definite amount per month by the district for his services under said agreement. While said bus was being operated by him, it collided with an automobile driven by the defendant M. D. Pratt, as a result °of which the plaintiff was severely injured. At the time of said collision the plaintiff was a passenger in said bus, and was being transported therein to said school building. Plaintiff brought this action for damages sustained by reason of her said in-

juries against the district and defendant Fitzwater, as the driver of the bus, and also against the defendant Pratt. She recovered judgment in the sum of $15,805 against all three of said defendants on a showing of concurring negligence on the part of Fitzwater, the driver of the bus, and defendant Pratt. The defendants appealed from said judgment, and a bond on appeal to stay execution thereof was given by the district and Fitzwater with the Independence Indemnity Company as their surety. The defendant Pratt, while he appealed from said judgment, did not give a bond to stay execution thereon. The judgment was affirmed. (*Smith* v. *Fall River Joint Union High School Dist.*, 118 Cal. App. 673 [5 Pac. (2d) 930].) Upon affirmance, judgment was entered against the Independence Indemnity Company for the full amount of the judgment as the surety of the district and defendant Fitzwater. An execution was issued against the Independence Indemnity Company as such surety, and it paid to the plaintiff the full amount of the judgment. Upon receiving such payment, the plaintiff executed and delivered to the Independence Indemnity Company a satisfaction of said judgment and an assignment thereof. The satisfaction was never filed, and in due time Pratt moved the court to compel the entry of the satisfaction of the judgment under section 675 of the Code of Civil Procedure. This motion was granted by the trial court, and from that order the plaintiff and the Independence Indemnity Company have appealed. As the Indemnity Company is the only appellant interested in this appeal, we will refer to said company as the appellant.

At the time of the hearing of said motion, the respondent Pratt was permitted, over the objections of the appellant, to introduce evidence which, if admissible, supported one of the findings of the trial court reading as follows: "That it is true that the Independence Indemnity Company prior to the injury complained of in this action entered into a contract in writing with the Fall River Joint Union High School District, a body politic, and Dave Fitzwater, defendants in this action, whereby the said Independence Indemnity Company insured the said defendants against loss from any liability imposed by law upon the said insured for damages on account of bodily injury, including death at any time suffered or alleged to have been suffered by any

person or persons, as a result of the ownership, maintenance, or use of the school bus mentioned in the complaint in this action and by said agreement the said Indemnity Company agreed to pay and satisfy judgments finally establishing the said defendants' liability in an amount not to exceed $50,000.00.''

 Appellant now makes the contention that the court erred in directing a satisfaction of said judgment as said judgment was paid by the surety under the stay bond given under section 942 of the Code of Civil Procedure for the other two tort-feasors, and therefore, it was subrogated to the rights of the plaintiff against the defendants, including the defendant Pratt. If the appellant's sole liability to the parties herein was that incurred under said stay bond, its position is undoubtedly correct. Upon paying the judgment it could then proceed against each and all of the defendants in said action to recover the money paid to the plaintiff in satisfaction of her judgment. Having, however, indemnified the defendants, the school district and Fitzwater, against the very liability upon which said judgment was based, the appellant, of course, could not enforce payment of said judgment against said defendants. It is, therefore, necessary for us to look beyond the terms of the stay bond to determine the rights of the parties under all the facts in the case. This the trial court did when, at the hearing of the motion to satisfy the judgment, it admitted evidence of prior contract of appellant to indemnify the district and Fitzwater against all loss sustained by either of them in the operation of said school bus. There was no error, therefore, in the admission of this evidence. As appellant cannot recover from either the district or Fitzwater by reason of its indemnity bond, can it recover against the respondent whose negligence concurred with that of Fitzwater in causing plaintiff's injuries? It is well settled in this state that there is no right of contribution between joint tort-feasors whose concurrent negligence has made them jointly liable in damages. (*Adams* v. *White Bus Line*, 184 Cal. 710 [195 Pac. 389].) Therefore, had either of the two defendants, the school district or Fitzwater, paid said judgment, no claim for contribution against the respondent could have been made by the defendant making said payment. Neither could the appellant, after

paying the judgment as the indemnitor of the two defend-ants, the school district and Fitzwater, compel contribution or recover anything from the respondent, a joint tort-feasor with the other two defendants. This was the point involved and definitely settled in the case of *Adams* v. *White Bus Line, supra.*

The further question remains to be answered and that is, did the fact that the appellant was also the surety on the appeal or stay bond so change the situation of the parties as to give to appellant the right, not to compel contribution from respondent, but to force him to pay the entire judgment and thus relieve the appellant from all liability thereunder? Appellant contends that such changed situation gives it the legal right to make such exaction, and cites *La Fleur* v. *M. A. Burns Lumber Co.*, 188 Cal. 321 [205 Pac. 102], in support of its contention. In that action the surety upon the appeal or stay bond paid the judgment, and thereupon its principal applied to the court to direct satisfaction of the judgment under section 675 of the Code of Civil Procedure. While a number of collateral issues were disposed of in the court's opinion, the prin-cipal point decided, in so far as we are now interested, was that, as the surety had paid the judgment against its prin-cipal, who was also the defendant in said action, it was under section 709 of the Code of Civil Procedure subrogated to all the rights of the plaintiff in said action including the right to enforce the payment of said judgment against its principal, the defendant in said action. In that case the defendant carried no indemnity insurance, and the rights of the parties under a bond of indemnity like that issued by the appellant in favor of the defendants, the school dis-trict and said Fitzwater, was not involved therein. Had the defendant in that case carried indemnity insurance in the same company which issued the appeal or surety bond, the decision therein would in our opinion have been quite different. Other authorities are cited by appellant, but they involve the rights of sureties under *supersedeas* bonds only. They are accordingly not applicable to the facts in this case, where the surety company is also the indemni-fying company, and the liability it seeks to fasten on an-other is one which it is bound under its indemnifying con-tract to pay.

A case more in point is the case of *Holmes* v. *Hughes,* 125 Cal. App. 290 [14 Pac. (2d) 149], cited by respondent. In that case a judgment was recovered against the defendant Hughes in a personal injury action. Hughes carried liability insurance in a certain insurance company. The judgment was appealed, and bond to stay execution was given with another insurance company as surety. The judgment was affirmed, and the surety paid the judgment and then sought repayment from Hughes. It was shown that while Hughes was the nominal appellant he in fact knew nothing about the appeal being taken nor the surety bond being given. In fact, these acts had all been performed by the indemnity company without the knowledge or consent of Hughes, and the court held in effect that the indemnity company being liable for the payment of the judgment as originally rendered by the trial court could not avoid its liability and shift it on to the indemnitee by the subterfuge of taking an appeal therefrom and procuring some other company to act as surety on the appeal bond. We think there are some points of similarity at least between the situation existing in that case and that appearing in the present action. As we have seen, the appellant here by its written contract, or insurance policy, indemnified the school district and Fitzwater against all loss from any liability for damages suffered by any person as the result of the operation of said school bus. This contract, or insurance policy, is not before us. Certain of its terms were proved by the affidavit filed on behalf of the respondent. We assume it was in the usual and ordinary form used by companies engaged in the business of writing indemnity insurance, and that it provided that appellant at its own expense and through its own attorneys should defend any action brought against the insured by any person sustaining an injury through the operation of said school bus by the insured. We indulge in this assumption from the facts set forth in the affidavit above referred to, and from the further circumstance that no attempt was made by appellant to controvert these facts so alleged, or to produce the policy of insurance or any copy thereof. The judgment, therefore, that was rendered against the school district and Fitzwater, while nominally against them, was in its practical effect against the indemnity company, the appellant herein. Nothing was

to be gained by the defendants so insured by an appeal from the judgment, as the indemnity company was legally bound to pay the same. On the other hand, it was to the interest of the indemnity company to take such appeal, and as it had entire control of the case in so far as the defense of the two insured defendants was concerned it could take said appeal without the consent of either of said defendants. The practical effect of the appeal was, therefore, as if the appellant had taken the appeal itself from a judgment against itself. By giving the bond on appeal with itself as surety, it did not in any way enlarge its liability in the premises. It was legally bound to pay the judgment before giving the surety bond. It was no more so after it had executed and delivered the stay bond. The only conceivable change in its legal status which the giving of this bond by itself might work, would possibly be in relation to its rights against the respondent herein. If appellant's contentions are to be sustained, then the indemnity company, although it had no right even of contribution against the respondent before the appeal, by taking the appeal and furnishing an appeal bond with itself as surety, created a right against the respondent, making him liable not only for contribution but for the entire amount of the judgment. We do not believe that under the laws of this state the appellant by such indirect methods can enrich itself at the expense of another. In *Holmes* v. *Hughes, supra,* in denying the surety the right to be subrogated to the rights of the plaintiff, the court said (p. 295) : "However, the right of a surety to be subrogated to the rights of the original creditor as against the judgment debtor upon payment of the judgment has long been recognized and enforced in equity; and, as has been said with regard to section 709 of the same code section 1059 gives to a surety the summary remedy of using the judgment itself to enforce his rights against the judgment debtor. It is but a method of procedure based upon the doctrine of subrogation and governed by the same equitable principles. The letter of the statute will not be followed where the result of such interpretation will be absurd and unjust, it being the rule that the spirit and reason of the law should prevail."

A state of facts precisely like those existing in the present action was before the Supreme Court of Ohio, and it was

there held that the payment of a judgment by an insurance company that was not only the indemnitor of the appellant but was also the surety on the bond on appeal from said judgment was a complete satisfaction of the judgment and that no right of subrogation existed in favor of said company against defendants, who had neither indemnity nor other insurance. In that case one Gordon was indemnified by the Royal Indemnity Company against loss by reason of claims growing out of negligence. During the time the policy was in force, one Webber sustained injuries as the result of the concurrent negligence of Gordon and two other persons named Becker. Webber recovered judgment against all three tort-feasors. Gordon appealed, and gave a surety bond to stay execution on appeal with the Royal Indemnity Company as surety. The judgment was affirmed, and the Royal Indemnity Company paid the judgment, and then sought to collect from the Beckers the amount so paid. The court held that no such right of recovery existed in favor of the Royal Indemnity Company. Its reasons for so holding are contained in the following paragraph of the opinion: "It must be concluded that Gordon would have no right whatever to enforce contribution by his joint tort-feasors, the Beckers. In our opinion the right of the indemnity company was no greater than that of its tort-feasors indemnitee, and that the attempt to accomplish by indirection what Gordon could not have done directly must fail. The judgment was paid in full, and it is immaterial whether it was paid by Gordon or by his indemnitor, the Royal Indemnity Company. Whether it was paid by reason of its obligation as indemnitor, or as surety upon the *supersedeas* bond, such payment operates as a complete satisfaction, just as it would have done if payment had been made by Gordon. Where the right of subrogation exists an assignment is unnecessary, for that is supplied by equity; but here there was no right of subrogation, and no additional right accrued by reason of the assignment of the judgment". (*Royal Indemnity Co.* v. *Becker*, 122 Ohio St. 582 [173 N. E. 194, 195, 75 A. L. R. 1481].)

It seems to us that this reasoning of the Ohio Supreme Court is sound and that the rule announced by it should control the decision of the present action. We find no authorities to the contrary, and after the exhaustive exami-

nation of the law both by counsel and this court, we feel reasonably certain that none exists. The appellant, as the indemnitor of the two appealing defendants was liable for the payment of the judgment against them and such payment gave it no recourse against the respondent as the joint tort-feasor of said defendants for the amount so paid or for any part thereof. It would be most inequitable to permit the appellant to now assert that it paid the judgment as the surety on the appeal bond and not as the indemnitor, and thus by the application of equitable principles of subrogation escape the liability which, for an adequate consideration, it had undertaken to discharge, and force such liability upon another who was not a party to said appeal bond and who received no benefit whatever from its execution and delivery. Some attempt was made to show that execution had been issued and levied upon the property of the respondent and subsequently the property was released from the levy. Whatever may have been the reason for such release, it is apparent that the appeal bond given by the school district and Fitzwater would have no effect in staying the judgment against respondent, and we are unable to perceive any legal connection between the execution of said appeal bond and the release of respondent's property from the levy of said execution.

The judgment having been paid by the appellant under the circumstances shown above, such payment operated as a complete satisfaction thereof as to the other defendant, the respondent herein. Respondent was therefore entitled to an entry of satisfaction. (*Adams* v. *White Bus Line, supra.*)

The order appealed from is affirmed.

Shenk, J., Preston, J., Langdon, J., and Waste, C. J., concurred.