[Civ. No. 50476. First Dist., Div. Two. Aug. 25, 1982.]

SALEM MIZIRAWI, Plaintiff, v.
RICHARD E. HOLL, Defendant and Appellant;
BALDWIN & HOWELL, Defendant and Respondent.

**COUNSEL**

Draper B. Gregory for Defendant and Appellant.

Hodge & Wilson, Andrew H. Wilson and William J. Arnone, Jr., for Defendant and Respondent.

**OPINION**

ARNE, J.*—This is an appeal from a judgment ordering contribution between defendant and appellant Richard E. Holl and codefendant and respondent Baldwin & Howell, a corporation, on a pro rata basis from a verdict awarding compensatory damages against both on a complaint charging them with negligent misrepresentation or fraud.

This is the third in a series of appeals in a matter that has been in litigation for over 11 years. Suffice it to say that following the second

*Assigned by the Chairperson of the Judicial Council.

trial in this case a verdict was rendered against Angelo and Alfred Franchi, Baldwin & Howell and Richard E. Holl for $36,124 compensatory damages. While punitive damages were also awarded, they are not the subject of this appeal. The sum of $24,014.88 was paid to the plaintiff by Baldwin & Howell which then sought contribution from Richard E. Holl, its agent and employee, on a pro rata basis. The motion was granted and a judgment was entered in favor of respondent, Baldwin & Howell, against Richard E. Holl in the sum of $12,007.44.

◼ In prosecuting this appeal appellant contends that the right of Baldwin & Howell to seek contribution from him is barred by the provisions of section 875, subdivision (d)[1] of the Code of Civil Procedure. And, further, that even if contribution were allowable, the award exceeds his pro rata share. We disagree with both contentions and affirm the judgment.

Prior to 1957 enactment of section 875 et seq. of the Code of Civil Procedure it was often said that there was no right of contribution between joint tortfeasors in this state. *Adams* v. *White Bus Line* (1921) 184 Cal. 710 [195 P. 389]; *Smith* v. *Fall River J. U. High School Dist.* (1934) 1 Cal.2d 331 [34 P.2d 994]. However, even before the 1957 amendment some exceptions to this rule were recognized based upon contract or equitable considerations, and were "... not restricted to situations involving a wholly vicarious liability, such as where a master has paid a judgment for damages resulting from the voluntary act of his servant." *Peters* v. *City & County of San Francisco* (1953) 41 Cal.2d 419, 431 [260 P.2d 55]. The 1957 enactment modified the law in California to permit contribution among joint tortfeasors after a joint judgment against them. *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 596 [146 Cal.Rptr. 182, 578 P.2d 899]. The legislative action explicitly mandates that the right of contribution be

---

[1]Insofar as relevant, section 875 of the Code of Civil Procedure reads as follows:

"(a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.

"(b) Such right of contribution shall be administered in accordance with the principles of equity.

"(c) Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof. It shall be limited to the excess so paid over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment.

"(d) There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person."

administered in accordance with the principles of equity. (§ 875, subd. (b) (quoted in fn. 1, *ante*).) One of the applicable principles of equity is that where you have joint wrongdoers and "'the offense is merely *malum prohibitum*, and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrongdoers.'" *Washington Gas Co.* v. *Dist. of Columbia* (1896) 161 U.S. 316, 327-328 [40 L.Ed. 712, 719, 16 S.Ct. 564].

In the instant case it is clear from the record that the appellant, Richard E. Holl, was the individual who made the representations which resulted in liability for himself and respondent, Baldwin & Howell, in his capacity as an employee of the latter. The liability of Baldwin & Howell was, therefore, vicarious and less culpable in character. Applying section 875, subdivision (b), *supra*, it was entirely proper to require contribution to be paid by appellant. And, under section 875, subdivision (c) (fn. 1, *ante*) it was proper to limit his contribution to a pro rata share. Neither *Bartneck* v. *Dunkin* (1969) 1 Cal.App.3d 58 [81 Cal.Rptr. 428], nor *Rollins* v. *State of California* (1971) 14 Cal.App. 3d. 160 [92 Cal.Rptr. 251], cited by appellant is controlling.

On the issue of the arithmetical calculation of a pro rata share, the appellant argues that his contribution should be limited to $9,031. At the request of respondent the court takes note that the total judgment, including interest and costs, totaled $48,029.76. There were four joint tortfeasors in the original jury verdict. One-fourth of that sum is $12,007.44, which is the amount ordered by the trial judge. We agree with his arithmetic, as well as his sense of equity.

The judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.